# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**KAISER INTERNATIONAL, LLC,**
          **Plaintiff,**

    v.                                                                   Case No. 11-C-0647

**CUSTOM CUTS FRESH, LLC and**
**BRADLEY V. BECKMAN,**
          **Defendants.**

---

## DECISION AND ORDER

On July 6, 2011, plaintiff Kaiser International, Inc., filed this action against Custom Cuts Fresh, LLC ("Custom Cuts") and Bradley Beckman pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, <u>et seq.</u> Before me now is plaintiff's motion for a temporary restraining order ("TRO").

PACA regulates trading practices in the perishable agricultural commodities industry. Among other things, PACA requires produce buyers to make "full payment promptly" to their sellers. 7 U.S.C. § 499b(4). To protect sellers from buyers who fail to make prompt payment, PACA includes a statutory trust provision, 7 U.S.C. § 499e(c). Under this provision, perishable agricultural commodities, inventories of food or other derivative products, and any receivables or proceeds from the sale of such commodities or products, are to be held in a non-segregated floating trust for the benefit of unpaid sellers. This trust is created by operation of law upon the purchase of produce, and the produce buyer is the statutory trustee. To protect the assets of the trust, the unpaid supplier must give the trustee written notice of intent to preserve the trust within thirty calendar days after payment was due. Alternatively, the unpaid seller may provide notice

of intent through its ordinary and usual billing or invoice statements. See Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132, 136 (3d Cir. 2000). For produce sellers, a principal benefit of the trust is that they are placed first in line among creditors for all produce-related assets if the produce dealer declares bankruptcy. Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154, 156 (11th Cir. 1990).

Between March 2, 2011 and June 24, 2011, plaintiff sold produce to Custom Cuts on credit. On its usual invoices, plaintiff provided notice of its intent to preserve trust assets. To date, Custom Cuts has not fully paid plaintiff for the produce, and payment in the amount of $350,647.71 is overdue. Plaintiff has recently learned that Custom Cuts is in serious financial trouble. In early June, plaintiff learned that various creditors had filed lawsuits against Custom Cuts, including one creditor who claims to be owed over $2 million. On June 29, plaintiff spoke with one of Custom Cuts's customers, who informed plaintiff that Custom Cuts had closed its doors and was letting employees go. On June 30, Custom Cuts's owner, Bradley Beckman, informed plaintiff that Custom Cuts's landlord had locked it out of its building. Beckman also informed plaintiff that he hoped to pay all PACA vendors in full but that it would take about 45 days to determine whether payment could be made. Beckman also told plaintiff that it would have to file a lawsuit under PACA before any further payments could be made. Plaintiff thus filed this action against Custom Cuts and Beckman and immediately filed motions for an ex parte TRO and a preliminary injunction. The TRO seeks to restrain Custom Cuts from dissipating assets that may be subject to a PACA trust pending a hearing on plaintiff's motion for a preliminary injunction.

Having reviewed plaintiff's submissions, I conclude that plaintiff has made out a prima facie case for a preliminary injunction: plaintiff has shown that it is a beneficiary of a PACA trust, that Custom Cuts has failed to pay, and that there is a risk that Custom Cuts is dissipating trust assets. However, this does not mean that plaintiff is entitled to ex parte relief. To obtain ex parte relief, a plaintiff must not only show that the criteria for obtaining a preliminary injunction are satisfied, it must also "clearly show" that irreparable injury, loss, or damage will result before the defendants can be heard in opposition. See Fed. R. Civ. P. 65(b)(1). This is because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974).

In the present case, plaintiff's counsel contends that a TRO should issue without notice to defendants because advising defendants of the pendency of this action will give them an opportunity to further dissipate trust assets before a hearing can be held. However, although defendants may not currently know that plaintiff has filed this action, defendants are certainly aware that plaintiff is trying to enforce its PACA rights. As noted, plaintiff discussed these matters with Beckman as recently as last week, and Beckman essentially instructed plaintiff to file this action in order to protect its right to payment. Given this, it is hard to believe that if Beckman is given notice of this suit he will immediately and in bad faith begin to distribute trust assets to non-PACA creditors. Rather, it appears that Beckman is trying to settle his debts with PACA creditors and that he has no intention of distributing trust assets in bad faith.

3

Although there is no risk that giving defendants notice of the pendency of this action will spur defendants to further dissipate trust assets before plaintiff can obtain relief, there is some risk that between now and the date of the hearing on the motion for a preliminary injunction defendants will, in the ordinary course of business, make payments to creditors other than plaintiff with trust assets. However, the court could likely hold a hearing on the motion for preliminary injunction as soon as the parties are able, and because it does not appear that this case is factually or legally complex, a hearing can probably be held in as little as a few days from the time defendants are given notice of this suit and plaintiff's motion. Alternatively, the parties may be able to confer and agree to temporary arrangements for assuring plaintiff that trust assets will not be dissipated pending the hearing on the motion, and the court can hold an informal status conference with the parties for the purpose of approving any temporary arrangements. For these reasons, I conclude that the risk of further dissipation of trust assets between now and the date of a hearing is too small to justify the grant of ex parte relief.

Accordingly, plaintiff's motion for a temporary restraining order will be denied. Plaintiff should attempt to provide defendants with immediate notice of this order and its motion for a preliminary injunction and attempt to determine who will be representing defendants in this suit. The parties should then contact the court to schedule further proceedings on the motion for preliminary injunction. In the meantime, I will order that defendant file a written response to the motion for a preliminary injunction within five days of being served with the motion. If a prompt hearing on the motion turns out to be impracticable and the parties are unable to agree on temporary arrangements, plaintiff may file a fresh request for a TRO.

Finally, I note that other PACA creditors have filed PACA suits in this district against Custom Cuts and Beckman.[1] Because the plaintiffs in these suits all have similar claims against Custom Cuts, proceedings in these cases should be coordinated. Under the local rules of this court, when cases are related they are assigned to the judge presiding over the case with the lowest case number. See Civil L.R. 3(b). Here, the lowest case is assigned to Judge Randa, and so I will direct the Clerk of Court reassign this case to him as a related case.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for a temporary restraining order is **DENIED**.

**IT IS FURTHER ORDERED** that defendants file a written response to plaintiff's motion for preliminary injunction within five days of being served with the motion and this order.

**FINALLY, IT IS ORDERED** that the Clerk of Court reassign this action to Judge Randa because it is related to Case No. 11-C-439.

Dated at Milwaukee, Wisconsin, this 7th day of July, 2011.

/s_____
LYNN ADELMAN
District Judge

---

[1] Baginski Potato Co., Ltd. v. Custom Cuts Fresh LLC, et al., No. 11-C-439; River Point Farms LLC v. Custom Cuts Inc., et al., No. 11-C-638.